**Law Office of Evan L. Lipton, P.C.**
**260 Madison Ave, Floor 22**
**New York, New York 10016**
ell@evanliptonlaw.com
(917) 924-9800

MEMO ENDORSED

April 10, 2026

The application is denied

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

Dated: April 13, 2026

By ECF
Hon. Paul G. Gardephe
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

Re: *United States v. Marlon Lawes*,
22 Cr. 26 (PGG)
**Motion for Early Termination of Supervised Release**

Dear Judge Gardephe:

This letter is submitted on behalf of Marlon Lawes pursuant to 18 U.S.C. § 3583(e)(1) to respectfully request that the Court terminate the two-year term of supervised release, imposed on February 11, 2025. The primary reason for this application is to allow Mr. Lawes to proceed with his application to the New York State bar, and, specifically, to apply for certification from the Character and Fitness Committee of the Appellate Division, which will not consider him while he remains under supervision. Mr. Lawes has completed nearly 14 months of supervision and complied with all required conditions, including payment of the $250,000 fine and $100 special assessment required by the judgment. The Probation Department takes no position on this application because of a policy to not review a case for early termination until eighteen months have elapsed. I have sought the position of the government, but did not receive a response.

Mr. Lawes, 46-years old, attended Touro Law school at night while working as a paralegal and law office manager, graduating in 2019. He passed the New York State Bar examination in 2022. He married in 2023 and has a two year old daughter, who he is raising along with his wife's three children from a previous marriage. On January 10, 2022, Mr. Lawes pled guilty, pursuant to a cooperation agreement, to a one-count Information charging him with conspiracy to commit Travel Act bribery, 18 U.S.C. § 1952, in violation of 18 U.S.C. § 371. On February 11, 2025, the Court sentenced him to time-served, a $250,000 fine, $100 special assessment, and the term of supervised release.

Section 3583(e)(1) authorizes the Court, after considering the applicable section 3553(a) factors, to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Lawes has now served approximately fifteen months of supervision, satisfying the one-year statutory threshold. The same 3553(a) factors that warranted a time-served sentence equally support this application. Early termination serves the interest of justice because it would allow Mr. Lawes to present his application to the Committee, where the full picture of who he is would be before them: the cooperation, the acceptance of responsibility, the decade-plus career in law, the family he is raising, and the person he has shown himself to be. Early termination would not guarantee admission; it would simply allow the process to proceed.

The goals of supervision—deterrence, protection of the public, and rehabilitation—have been fully achieved. Continued supervision serves no penological purpose and imposes a concrete burden that outweighs any benefit to continued monitoring. Early termination is warranted by his conduct and the interest of justice.

Respectfully yours,

Evan L. Lipton
Attorney for Marlon Lawes