Case 1:22-cr-00026-PGG Document 39 Filed 09/30/26 Page 1 of 2

Law Office of Evan L. Lipton, P.C.
224 West 30th Street #302
New York, New York 10001
ell@evanliptonlaw.com
(917) 924-9800

MEMO ENDORSED
The application is denied.

SO ORDERED:
Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.
Dated: Nov. 5, 2026

September 30, 2026

By ECF
Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

**Re: *United States v. Marlon Lawes*,**
**22 Cr. 26 (PGG)**
**Second Motion for Early Termination of Supervised Release**

Dear Judge Gardephe:

This letter is submitted on behalf of Marlon Lawes pursuant to 18 U.S.C. § 3583(e)(1) to respectfully request that the Court terminate the two-year term of supervised release, imposed on February 11, 2025.[1] This application is made with the support of the Probation Department. Mr. Lawes previously applied for early termination on April 10, 2026, after approximately fourteen months of supervision. The Probation Department did not take a position on that application because of a policy against reviewing cases for early termination until a supervisee has completed at least eighteen months, and the Court denied the application by memo endorsement, without stating reasons, on April 13, 2026. *See* Dkt. Nos. 34, 35. On August 10, 2026, I contacted the assigned probation officer (P.O. Isidro) to request that the Department review this second application. On September 28, 2026, Officer Isidro replied, advising that the review is complete and that "the Probation Department will support early termination." The Department's completed review, and its support, is the principal change since the prior application. I requested the government's position on September 29, 2026; as of this filing, I have not received a response.

Mr. Lawes has completed nineteen months and complied with all required conditions, including payment of the $250,000 fine and $100 special assessment required by the judgment. He continues to work as the office manager at a small law firm. The primary reason for this motion for early termination is the same as the previous one: to allow Mr. Lawes to proceed with his application to the New York State bar, and, specifically, to apply for certification from the

[1] On January 10, 2022, Mr. Lawes pleaded guilty, pursuant to a cooperation agreement, to a one-count Information charging him with conspiracy to commit Travel Act bribery, 18 U.S.C. § 1952, in violation of 18 U.S.C. § 371. On February 11, 2025, the Court sentenced him to time-served (the day that his arrest was processed), a $250,000 fine, $100 special assessment, and the term of supervised release.

Case 1:22-cr-00026-PGG Document 39 Filed 09/30/26 Page 2 of 2



Character and Fitness Committee of the Appellate Division, which, we understand, will not consider his application while he remains under supervision.

Section 3583(e)(1) authorizes the Court, after considering the applicable section 3553(a) factors, to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Lawes has satisfied the one-year statutory threshold, as well as the Probation Department's policy on early termination. The same 3553(a) factors that warranted a time-served sentence equally support this application. Moreover, only about four and a half months remain on the two-year term, which expires on or about February 11, 2027. Continuing supervision for that brief period would add little to the purposes of supervision, while further delaying consideration of Mr. Lawes' bar application. Early termination serves the interest of justice because it would allow Mr. Lawes to present his application to the Committee, where the full picture of who he is would be before them: the cooperation, the acceptance of responsibility, the decade-plus career in the legal industry, the family he is raising, and the person he has shown himself to be. Early termination would not guarantee admission; it would simply allow the process to proceed.

Mr. Lawes' offense conduct ended in 2019 and he cooperated closely with the government's successful efforts to prosecute others from 2021 through 2025. The goals of supervision—deterrence, protection of the public, and rehabilitation—have been fully achieved. Early termination is warranted by his conduct, the brief period remaining on his term, the support of the Probation Department, and the interest of justice.

Respectfully yours,

Evan L. Lipton
*Attorney for Marlon Lawes*

Cc: Angelika Isidro
*United States Probation Officer*

Gov't Counsel

(by ECF and email)